**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, NJ, 07470
T: (973) 256-9000
*Attorneys for Defendant, Walmart Inc.*

| | |
|---|---|
| VINCENT A. STASIO and SUSAN STASIO,<br><br>               Plaintiffs,<br><br>vs.<br><br>WALMART INC., JOHN DOES 1-10 (fictitious names), JOHN DOE MAINTENANCE 1-10 (fictitious names), JOHN DOES CLEANING COMPANY 1-10 (fictitious names),<br><br>               Defendants. | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br>Civil Action No.  3:21-cv-16485<br><br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. (hereinafter, "Wal-Mart"), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, based upon the following:

1.      On or about July 15, 2021, Plaintiffs Vincent A. Stasio and Susan Stasio commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, entitled VINCENT A. STASIO and SUSAN STASIO vs. WALMART INC., JOHN DOES 1-10 (fictitious names), JOHN DOE MAINTENANCE 1-10 (fictitious names), JOHN DOES CLEANING COMPANY 1-10 (fictitious names), Docket No. MON-L-002444-21 (the "Complaint").

2.      On or about August 4, 2021, the Summons and Complaint were served on Wal-Mart.

3.     August 4, 2021 was the first date on which Wal-Mart received copies of the Summons and Complaint through service or otherwise.

4.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Civil Case Information Statement and Track Assignment Notice, which constitute all process, pleadings and orders served upon Wal-Mart Stores East are attached hereto as Exhibit "A."

5.     Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Wal-Mart's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6.     This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiffs and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

7.     Based upon the allegations in the Complaint, Plaintiffs, Vincent Stasio and Susan Stasio are citizens of the State of New Jersey.

8.     Wal-Mart is the only proper defendant insomuch as Wal-Mart operates the subject store where the incident at issue allegedly occurred. Wal-Mart is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey. The general partner of Wal-Mart is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas.  The sole member of both WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly

known as Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. The sole member and parent company of Wal-Mart Stores East, LLC is Walmart Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

9.      Neither Wal-Mart nor Walmart Inc. are citizens of the State of New Jersey.

10.      Diversity of citizenship existed among the parties when the Complaint was filed on or about July 15, 2021.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

11.      The Complaint alleges that on or about July 28, 2019, Plaintiff Vincent Stasio was lawfully on the premises of Walmart. Complaint, First Count, ¶ 1.  Upon information and belief, this accident occurred at the Walmart in Neptune, NJ.  The Complaint also alleges that as a direct and proximate cause of the negligence and carelessness Defendants, "[Plaintiff] was caused to slip and fall to the ground and suffered painful and permanent injuries in and about her body, was seriously injured, sustained great pain and suffering and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish, which she sustained, and is presently obligated to expend large sums of money and in the future will be obligated to expend large sums of money so as to affect a cure for the injuries which he sustained." *Id*., ¶ 8.

12.      On August 26, 2021, Wal-Mart's Counsel sent Plaintiff's Counsel correspondence requesting they stipulate that Plaintiffs' damages are less than $75,000.00. (See correspondence attached as Exhibit "B").

13.      To date, Plaintiffs' Counsel has not agreed to limit damages or sign the stipulation of damages.

14.     Upon information and belief, Plaintiff Vincent Stasio sustained serious injuries to the right hand and teeth. Due to the allegations in the Complaint and the multiple physical areas effected, Plaintiffs' claims merit removal.

15.     While Wal-Mart denies all liability to Plaintiffs and denies that they are entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

16.     Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Monmouth County and is being served upon Plaintiffs.

18.     In filing this Notice of Removal, Wal-Mart does not waive any defects in service of process, venue or personal jurisdiction.

19.     For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Walmart Inc.*

By:     _____
        Til J. Dallavalle

Dated: September 3, 2021

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Monmouth County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Wal-Mart's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Walmart Inc.*

By: _____
Til J. Dallavalle

Dated: September 3, 2021

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be electronically served via ECF, a true and correct copy of the foregoing Notice of Removal on:

Anthony V. Locascio, Esq.
Gold, Albanese, Barletti & Locascio, LLC
211 Broad Street, Suite 207
Red Bank, New Jersey 07701
*Attorneys for Plaintiffs*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Til J. Dallavalle

Dated:  September 3, 2021

: