# EXHIBIT A

**GOLD, ALBANESE, BARLETTI & LOCASCIO, LLC**
Anthony V. Locascio, Esq.
ID: 001281999
211 Broad St., Suite 207
Red Bank, NJ 07701
732-936-9901
anthony@goldandalbanese.com
Attorneys for Plaintiffs, Vincent A. Stasio and Susan Stasio, his wife

| | |
|---|---|
| VINCENT A. STASIO and SUSAN STASIO<br><br>Plaintiffs<br><br>v.<br><br>WALMART INC., JOHN DOES 1-10 (fictitious names), JOHN DOE MAINTENANCE 1-10 (fictitious names), JOHN DOES CLEANING COMPANY 1-10 (fictitious names) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br>DOCKET NO. MON-L-<br><br>**CIVIL ACTION**<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, FIRST PLEADING CERTIFICATION AND CASE INFORMATION STATEMENT, DEMAND FOR INSURANCE INFORMATION, DEMAND FOR INTERROGATORIES** |

Plaintiff Vincent Stasio, residing in the State of New Jersey, by way of Complaint against defendants, Walmart, John Does 1-10 Management Company (said names being fictitious as their identities are presently unknown, John Does 1-10 Cleaning Company, (said names being fictitious as their identities are presently unknown) says:

### FIRST COUNT

1. On or about July 28, 2019, plaintiff, Vincent Stasio, was a patron at the premises commonly known as Walmart and was lawfully on the premises.

2. On or about July 28, 2019, plaintiff, Vincent Stasio was lawfully walking inside the premises of Walmart. The defendants, Walmart, John Does 1-10 Maintenance Company (said names being fictitious as their identities are presently unknown, John Does 1-10 Cleaning Company, (said names being fictitious as their identities are presently unknown) negligently and/or carelessly

operated, owned, supervised, constructed and/or maintained said area so as to cause plaintiff to slip and fall.

3. Because of the hazardous conditions, the walkway was dangerous and unsafe for use by the plaintiff and other persons causing plaintiff to slip and fall.

4. Defendants, Walmart, John Does 1-10 Maintenance Company (said names being fictitious as their identities are presently unknown, and John Does 1-10 Cleaning Company, (said names being fictitious as their identities are presently unknown) failed to inspect maintain correct conditions of the premises with due care and thereby caused the said area dangerous and unsafe for use.

5. Defendants, Walmart, John Does 1-10 Maintenance Company (said names being fictitious as their identities are presently unknown, and John Does 1-10 Cleaning Company, (said names being fictitious as their identities are presently unknown) failed to inform and warn plaintiff and other persons using the sidewalk of this dangerous and unsafe condition.

6. Defendants, Walmart, John Does 1-10 Maintenance Company (said names being fictitious as their identities are presently unknown, and John Does 1-10 Cleaning Company, (said names being fictitious as their identities are presently unknown) carelessly, negligently, grossly negligently, recklessly failed to properly inspect and maintain the property in a safe condition for use.

7. Defendants, Walmart, John Does 1-10 Maintenance Company (said names being fictitious as their identities are presently unknown, and John Does 1-10 Cleaning Company, (said names being fictitious as their identities are presently unknown), knew, or could by the exercise of ordinary and reasonable care have known, of the unsafe and dangerous conditions then and there existed in the said area.

8. As a direct and proximate result of the aforementioned defendants' negligence, gross negligence, carelessness, and recklessness, and improper conduct in maintaining the said premises, the plaintiff, Vincent Stasio, while on the said premises as aforesaid on the aforementioned date, was caused to slip and fall to the ground and suffered painful and permanent injuries in and about her body, was seriously injured, sustained great pain and suffering and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish, which she sustained, and is presently obligated to expend large sums of money and in the future will be obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

## SECOND COUNT

9. Plaintiff, Vincent Stasio, repeats and realleges the allegations of the First Count as if the same were more fully set forth at length herein.

10. As a result of the aforesaid negligence, gross negligence, carelessness and recklessness of the defendants, the plaintiff, Vincent Stasio, was seriously injured, sustained great pain and suffering and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish which she sustained, and is presently obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

11. The aforementioned sums of money were expended by plaintiff, Vincent Stasio, without, or in excess of, any abatement or reimbursement, from any source for any part of said sums.

12. The aforementioned sums were expended by plaintiff, Vincent Stasio, for the necessary and reasonable treatment of all injuries sustained by plaintiff, Vincent Stasio, and are causally related to defendants' actions herein described.

WHEREFORE, plaintiffs demand judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the Court deems just and proper.

## THIRD COUNT

13. Plaintiff repeats and realleges the allegations of the foregoing counts as if the same were more fully set forth at length herein.

14. Plaintiff, Susan Stasio, is the lawful wife of the Plaintiff, Vincent Stasio, and maintained a common domicile.

15. As a result of the negligence of the Defendants, Walmart, John Does 1-10 Maintenance Company (said names being fictitious as their identities are presently unknown, and John Does 1-10 Cleaning Company, (said names being fictitious as their identities are presently unknown) Plaintiff, Susan Stasio, was deprived of the loss of society and consortium of his wife.

WHEREFORE, Plaintiff demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorney for Plaintiffs, Vincent Stasio and Susan Stasio

By:_____
ANTHONY V. LOCASCIO, ESQ.

DATED: July 14, 2021

## JURY DEMAND

Pursuant to R.4:35-1, Plaintiffs, Vincent Stasio and Susan Stasio, demand trial by jury of all litigable issues.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorney for Plaintiffs, Vincent Stasio and Susan Stasio

By: _____
ANTHONY V. LOCASCIO, ESQ.

DATED: July 14, 2021

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, ANTHONY V. LOCASCIO, Esq. of the Law Offices of Gold, Albanese, Barletti & Locascio, is hereby designated as trial counsel for plaintiffs, Vincent Stasio and Susan Stasio.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorney for Plaintiffs, Vincent Stasio and Susan Stasio

By: _____
ANTHONY V. LOCASCIO, ESQ.

DATED: July 14, 2021

## DEMAND FOR INSURANCE

Plaintiffs, Vincent Stasio and Susan Stasio, hereby demands that the defendants provide the appropriate proof of insurance coverage in accordance with Court Rule.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorney for Plaintiffs, Vincent Stasio and Susan Stasio

By: _____
ANTHONY V. LOCASCIO, ESQ.

DATED: July 14, 2021

## DEMAND FOR RESPONSES TO INTERROGATORIES

Plaintiffs, Vincent Stasio and Susan Stasio hereby demands responses from defendants to Uniform Interrogatories Forms C and C (1).

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorney for Plaintiffs, Vincent Stasio and Susan Stasio

By: _____
ANTHONY V. LOCASCIO, ESQ.

DATED: July 14, 2021

## CERTIFICATION OF NO OTHER ACTIONS

    Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorney for Plaintiffs, Vincent Stasio and Susan Stasio

By: _____
    ANTHONY V. LOCASCIO, ESQ.

DATED: July 14, 2021

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-002444-21**

**Case Caption:** STASIO VINCENT VS WALMART INC.
**Case Initiation Date:** 07/15/2021
**Attorney Name:** ANTHONY V LOCASCIO
**Firm Name:** GOLD ALBANESE BARLETTI & LOCASCIO, LLC
**Address:** 211 BROAD STREET SUITE 207 RED BANK NJ 07701
**Phone:** 7329369901
**Name of Party:** PLAINTIFF : Stasio, Vincent
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Vincent Stasio?** NO

**Are sexual abuse claims alleged by: Susan Stasio?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/15/2021                                                          /s/ ANTHONY V LOCASCIO
Dated                                                                Signed

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD            NJ 07728
                                            TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:    JULY 15, 2021
                            RE:      STASIO VINCENT   VS WALMART INC.
                            DOCKET:  MON L -002444 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LINDA G. JONES

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 358-8700 EXT 87871.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                            ATTENTION:
                                        ATT: ANTHONY V. LOCASCIO
                                        GOLD ALBANESE BARLETTI & LOCAS
                                        211 BROAD STREET
                                        SUITE 207
                                        RED BANK           NJ 07701


ECOURTS
```